349 So.2d 896 (1977)
Karleen York PARKS in her own behalf and as tutrix of Danny L. Gill
v.
Vincent PAOLA and XYZ Insurance Company.
No. 11370.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
Rehearing Denied August 24, 1977.
Writ Refused October 26, 1977.
Richard L. Muller, Covington, of counsel for plaintiff-appellee, Karleen Yourk Parks *897 in her own behalf and as tutrix of Danny L. Gill.
Robert J. Vandaworker, Baton Rouge, of counsel for defendant-appellant, Vincent Paola and XYZ Ins. Co.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
This is an appeal of a judgment of the District Court in favor of the plaintiff-appellee, Karleen York Parks in her capacity as Tutrix of Danny L. Gill, and against the defendants-appellants, Vincent Paola and American Security Insurance Company, awarding the appellee $8,000.00 general damages for injuries resulting from a dog bite.
The issues on appeal are whether the court below properly held defendants liable for the plaintiff's injuries, and whether the award was excessive.
We reverse and render.
Danny Gill, plaintiff's nine year old son, was bitten by a German Sheperd dog owned by the defendant. At the time of the incident the dog was chained to a post in the defendant's unfenced back yard. The Paolas were not at home when the incident occurred, and the dog was not otherwise attended.
The evidence shows that the neighborhood children frequently played with defendant's dog. Danny had played with the dog previously, without any indication of dangerous propensities on the part of the animal.
On the day in question, Danny entered the defendant's yard just as two other children were leaving. As they passed, one of the other children warned him that the dog might bite him. Nevertheless, Danny approached the dog, and was bitten in the face.
The trial judge found that this case was controlled by Holland v. Buckley, La., 305 So.2d 113 (1974), and held that defendant had not rebutted the presumed fault established by that ruling.
We do not believe the holding in Holland v. Buckley, supra, dictates a finding of liability on the part of the defendant in this case. The issue in Holland, as summarized in the opening paragraph, was:
"When an innocent bystander is bitten by a dog, who shall bear the damages so caused? The bystander passing on the street, who did not provoke the attack? Or the owner of the dog, who created the risk by letting the dog go loose?"
There the plaintiff was walking his dog across the street from defendant's residence. Defendant's dog was running loose in the front yard. Without warning, defendant's dog ran across the street and attacked plaintiff's dog. In the process plaintiff was bitten on the arm.
There are several distinguishing facts in the present case. Danny, without invitation, was on defendant's property against the express wishes of Mr. Paola. The dog in Holland was unrestrained; the defendant's dog was restrained within defendant's property. While the plaintiff in the Holland case had no reason to expect the dog to attack him, Danny had been warned by another child just before the incident that the dog might bite him.
This case is more nearly like Dotson v. Continental Insurance Co., La.App., 322 So.2d 284 (1st Cir. 1975) writ refused La., 325 So.2d 606 (1976). There the plaintiff's nine year old son was bitten by the defendant's dog, after he had proceeded into the defendant's yard in contravention of direct instructions. The court held that where a dog is kept in an enclosed area, and where a young boy, uninvited, proceeds into the yard against the wishes of the owner and is bitten, the dog owner is not liable.
There is some broad language in Holland that could militate toward liability of the defendants here. However, the exact holding in Holland and the unanimous denial of writs in Dotson are indicative of an intention to limit the holding in Holland. The facts of the present case go well beyond those in Holland.
*898 Because of our finding of no liability on the part of defendants, the issue of quantum is moot.
For the above reasons, the judgment of the trial court is reversed; judgment is rendered in favor of Vincent Paola and American Security Insurance Company dismissing plaintiff's suit at his cost.
REVERSED AND RENDERED.