358 So.2d 660 (1978)
Julian B. BROOKS, Jr., as head and master of the community of acquets and gains existing between him and Rosemary B. Brooks, and Rosemary B. Brooks, Individually
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY.
No. 11760.
Court of Appeal of Louisiana, First Circuit.
February 13, 1978.
C. Jerome D'Aquila, New Roads, James A. George, George & George, Ltd., Baton Rouge, for plaintiffs and appellants.
Daniel R. Atkinson, Dale, Owen, Richardson, Taylor & Mathews, Baton Rouge, for defendant and appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
This is a suit for damages brought by Julian B. Brooks, Jr. and Rosemary B. Brooks, against United States Fidelity and Guaranty Company, liability insurer of Mr. and Mrs. Boyd Brooks. The claim arises out of an accident which occurred when Mrs. Brooks was allegedly struck and knocked to the ground by a baby calf owned by Boyd Brooks. After trial on the merits, judgment was rendered dismissing plaintiffs' suit, and they have appealed.
Boyd Brooks, father of plaintiff Julian B. Brooks, Jr., was the owner of the calf, which was, at the time of the accident, somewhere between one and six weeks of age. Plaintiff Rosemary Brooks had been bottle feeding the calf since its birth. Just before the accident, she entered the pen where the calf was kept, and started to lead *661 the calf across the pen. She stopped to see if the calf was following her, and as she turned to look for it, it nudged her leg, and she fell to the ground, suffering the injuries complained of herein.
In this court, plaintiffs argue that defendant is liable under the provisions of Articles 2317 and 2321 of the Civil Code, as interpreted in Holland v. Buckley, 305 So.2d 113 (La.1974), in which the court said:
"The issue before us is: When an innocent bystander is bitten by a dog, who shall bear the damages so caused? The bystander passing on the street, who did not provoke the attack? Or the owner of the dog, who created the risk by letting the dog go loose?"
It further said:
"We hold, therefore, that the correct interpretation of Civil Code Article 2321 is as follows: When a domesticated animal harms another, the master of the animal is presumed to be at fault. The fault so provided is in the nature of strict liability, as an exception to or in addition to any ground of recovery on the basis of negligence, Article 2316. The owner may exculpate himself from such presumed fault only by showing that the harm was caused by the fault of the victim, by the fault of a third person for whom he is not responsible, or by a fortuitous event.
* * * * * *
"The underlying reason for the owner's liability is that, as between him who created the risk of harm and the innocent victim thereby injured, the risk-creator should bear the loss. He maintains the animal for his own use or pleasure.
"Article 2321 places the master of the animal under a legal obligation to keep his animal under such guard that it does no damage to others. A fault in this obligation to control the animal and guard others from harm by it entitles the victim to recover damages thereby sustained."
In Loescher v. Parr, 324 So.2d 441 (La. 1975), the court said:
"When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others.
"The fault of the person thus liable is based upon his failure to prevent the person or thing for whom he is responsible from causing such unreasonable risk of injury to others. Thus, the person to whom society allots the supervision, care, or guardianship (custody) of the risk-creating person or thing bears the loss resulting from creation of the risk, rather than some innocent third person harmed as a consequence of his failure to prevent the risk. His fault rests upon his failure to prevent the risk-creating harm and upon his obligation to guard against the condition or activity (by the person or thing for which he is responsible) which creates the unreasonable risk of harm to others.
"This jurisprudence recognizes that the injured person must prove the vice (i. e., unreasonable risk of injury to another) in the person or thing whose act causes the damage, and that the damage resulted from this vice. Once this is proved, the owner or guardian responsible for the person or thing can escape liability only if he shows the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force.
"The legal fault thus arising from our code provisions has sometimes been referred to as strict liability."
In refusing writs in Harrington v. Upchurch, 337 So.2d 222 (La.1976), the court said this:
". . . Under the facts shown, the presence of the cow in open-range highway did not create an unreasonable risk *662 of injury to others; therefore, the owner is shown to be exonerated from fault."
In two recent dog bite cases, this circuit has relieved the owner of responsibility because the offending animals were secured on the owner's premises, and the parties injured were on the premises against the wishes or instructions of the owner. Dotson v. Continental Insurance Co., 322 So.2d 284 (La.App. 1st Cir. 1975); Parks v. Paola, 349 So.2d 896 (La.App. 1st Cir. 1977).
In a recent third circuit case, a boy employed to exercise horses, was thrown by one of the horses and injured. The court held that the rule of Holland v. Buckley, supra, was not applicable, since the animal was not in the custody of the owner, but was in fact under the care, custody and control of the injured party. The case was then decided on the basis of conventional negligence principles. Fontenot v. Soileau, 336 So.2d 1006 (La.App. 3rd Cir. 1976).
From the foregoing, we gather that, in order to hold the owner of an animal strictly liable for damage to another done by the animal, there must be a domestic animal, which is actually or constructively under the control of the owner, or which he has an obligation to restrain, the presence of which causes an unreasonable risk of harm to others and which injures an innocent third party.
The two Code articles provide as follows:
"Art. 2317. We are; responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."
"Art. 2321. The owner of an animal is answerable for the damage he has caused; but if the animal had been lost, or had strayed more than a day, he may discharge himself from this responsibility by abandoning him to the person who has sustained the injury; except where the master has turned loose a dangerous or noxious animal, for then he must pay for all the harm done, without being allowed to make the abandonment."
In this case, as in the Fontenot case, supra, Rosemary Brooks had the actual care, custody and control of the calf, and had been feeding it for at least a week. Under that circumstance, the strict liability imposed by Articles 2317 and 2321, as interpreted, does not apply.
In their petition, plaintiffs allege the negligence of Mr. and Mrs. Boyd Brooks in that they permitted Rosemary Brooks to feed the calf, knowing her to be inexperienced, and that they failed to warn her of the danger involved. We find no evidence in the record that a baby calf is a dangerous animal, or has dangerous propensities, or that there is any danger involved in feeding such an animal. We think that Rosemary Brooks' testimony affirmatively shows that her own failure to keep track of the location of the calf caused her to stumble over it and fall. In any event, no negligence is shown on the part of Mr. or Mrs. Boyd Brooks.
The judgment appealed from is therefore affirmed, at plaintiffs' cost.
AFFIRMED.