359 So.2d 1058 (1978)
Wallace DUPLECHAIN, Individually and on behalf of his minor son, John Patrick Duplechain, Plaintiffs-Appellants,
v.
Darrell THIBODEAUX, Defendant-Appellee.
No. 6445.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1978.
*1059 Voorhies & Labbe, D. Mark Bienvenu, Lafayette, for plaintiff-appellant.
Allen, Gooch & Bourgeois, Keith M. Borne and Joel E. Gooch, Lafayette, for defendant-appellee.
Before WATSON, GUIDRY and CUTRER, JJ.
CUTRER, Judge.
Wallace Duplechain brought suit, individually and on behalf of his minor son John, for damages incurred as a result of being bitten by a dog owned by defendant Darrell Thibodeaux. From an adverse judgment, Duplechain appeals.
We affirm.
The trial court made no findings of fact but did cite the cases of Dotson v. Continental Insurance Company, 322 So.2d 284 (La. App. 1st Cir. 1975), and Parks v. Paola, 349 So.2d 896 (La.App. 1st Cir. 1975), writ denied 350 So.2d 1212 (La.1977), as a basis for judgment against Duplechain.
John Duplechain, 10 years of age, rode his bike to the home of Darrell Thibodeaux on the afternoon of August 18, 1975. John was going to a field in the rear of the home where his brothers were working. He parked his bike under a tree to the rear of the property adjoining a fence. He stated that he followed the fence to the gate, then to the field. He was aware of the dog being chained to a tank near the rear of the home. He testified that the dog barked at him when he went along the fence to the gate. The chain holding the dog could not reach John, however, as he traveled this route. He later returned to the defendant's home and safely followed the same route to the bike. John testified that he moved the bike to the front of the property and decided to go back to the field. In doing so, he walked along the side of the house which put him within range of the dog. He was bitten by the dog.
A sign appears on the dog house "Beware of the dog". John was facing this sign as he approached the dog. Mrs. Thibodeaux testified that she was in the yard when John arrived. She stated that she told him to go back to his home on two or three occasions, but he went to the field anyway. She also stated she warned him not to go near the dog.
In the Dotson case, supra, a nine-year old boy went into an enclosure which contained the dog contrary to the owner's instructions and was bitten. The court, citing Holland v. Buckley, 305 So.2d 113 (La.1974), held:
"Thus when a plaintiff proves that he has been bitten by a dog of another, the burden shifts to the owner of the animal to exculpate himself by showing (1) that the harm was caused by the fault of the victim; (2) by the fault of a third person for whom the owner is not responsible, or (3) by a fortuitous event. (Page 286)
* * * * * *
"The facts of this case clearly indicate to us that the Williamses have satisfied this legal obligation imposed upon them by keeping their dogs secured and permitting no one to enter their yard without the presence of their son.
"Accordingly, we hold that the defendant's assureds have satisfactorily met the *1060 burden of proof and that the incident here was caused by the fault of the victim himself by proceeding into the yard contrary to the owner's instructions." (Page 287)
In this case the child was aware of the presence of the dog. He was warned to stay away from the dog. He used a safe route the first time he went by the area where the dog was chained. He chose an unsafe route the second time he entered the area. A warning sign was clearly visible to the boy when he approached the area.
The Thibodeaux's have satisfied the obligation imposed upon them to keep the dog secured and warned the boy about the dog. The incident was caused by the fault of the victim by proceeding into the area under these circumstances. We find no manifest error in the trial judge's application of the principles enunciated in Dotson and Parks, supra.
Accordingly, we affirm the holding of the trial court; all costs are assessed against the plaintiffs-appellants.
AFFIRMED.